ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR LETTER DATED MAY 2, 1989. BECAUSE YOUR REQUEST FOR AN OFFICIAL ATTORNEY GENERAL OPINION REFERENCED ABOVE PRESENTS ISSUES WHICH ARE ANSWERABLE THROUGH EXISTING AUTHORITY, THE ISSUANCE OF A FORMAL OPINION IS NEITHER NECESSARY NOR APPROPRIATE. I BELIEVE THE INFORMATION PROVIDED TO YOU IN THIS LETTER WILL ANSWER YOUR QUESTIONS. THE VIEWS EXPRESSED LETTER, HOWEVER, ARE THOSE OF THE UNDERSIGNED ONLY AND DO NOT CONSTITUTE THE OFFICIAL OPINION OF THE ATTORNEY GENERAL.
I WILL RESPOND TO YOUR SECOND QUESTION FIRST. YOUR QUESTION ASKED, "TO WHAT EXTENT ARE THE CONTENTS OF COMPLAINTS RECEIVED AGAINST LICENSEES CONFIDENTIAL AND MAY COMPLAINTS WHICH ARE, UPON INVESTIGATION, FOUND TO BE FRIVOLOUS, BE EXPUNGED FROM THE LICENSEE'S FILE?"
THIS OFFICE HAS RECENTLY ADDRESSED THE ISSUE OF CONFIDENTIALITY OF COMPLAINTS IN ATTORNEY GENERAL OPINION NO. 88-079, A COPY OF WHICH I HAVE ATTACHED. THE CONCLUSION THAT FLOWS FROM THE ANALYSIS IN THAT OPINION IS THAT THE BOARD OF POLYGRAPH EXAMINERS MAY, IN THEIR DISCRETION, KEEP CONFIDENTIAL COMPLAINTS ABOUT LICENSEES AS PROVIDED IN THE OPEN RECORDS ACT, 51 O.S. 24A.14. IT MUST BE UNDERSTOOD THAT THE LAW DOES REQUIRE YOU TO REVEAL THE FACT THAT A COMPLAINT HAS BEEN RECEIVED, HOWEVER. IT IS WITHIN YOUR DISCRETION TO REVEAL ANY OTHER INFORMATION ABOUT SUCH A COMPLAINT.
YOU ALSO ASKED WHETHER THE COMPLAINT MAY BE EXPUNGED FROM A LICENSEE'S FILE. COMPLAINTS RECEIVED BY THE BOARD ARE "RECORDS" WITHIN THE MEANING OF THE OPEN RECORDS ACT, 51 O.S. 24A.3(1) (1988). THERE IS NOTHING IS THE OPEN RECORDS ACT WHICH ALLOWS YOU TO EXPUNGE THESE RECORDS. AS I STATED ABOVE, YOU MAY KEEP THESE COMPLAINTS CONFIDENTIAL, WITH THE PROVISO THAT YOU MUST ACKNOWLEDGE THAT A COMPLAINT HAS BEEN RECEIVED. HOWEVER, CURRENT OKLAHOMA LAW DOES NOT ALLOW YOU TO EXPUNGE THESE RECORDS FROM THE FILE.
YOUR QUESTION REGARDING THE CONSTITUTIONALITY OF LIMITING THE NUMBER OF POLYGRAPH EXAMINATIONS TO TWELVE (12) WITHIN TWENTY-FOUR (24) HOURS PRESENTS A MORE COMPLEX PROBLEM. ALTHOUGH THERE IS NO WAY TO "GUARANTEE" A CORRECT ANSWER ON CONSTITUTIONAL ISSUES, I HOPE YOU WILL FIND THE FOLLOWING REMARKS HELPFUL. FOR THE FOLLOWING REASONS, I BELIEVE THE REGULATION WOULD PASS CONSTITUTIONAL MUSTER IF CHALLENGED IN COURT.
THE SUPREME COURT OF THE UNITED STATES HAS CONSISTENTLY UPHELD STATE REGULATORY SCHEMES DESIGNED TO PREVENT WHAT ARE FOUND TO BE INJURIOUS PRACTICES IN THEIR INTERNAL COMMERCIAL AND BUSINESS AFFAIRS, SO LONG AS THEIR LAWS DO NOT RUN AFOUL OF SOME FEDERAL CONSTITUTIONAL PROHIBITION. FERGUSON V. SKRUPA, 372 U.S. 726 (1963). IN WILLIAMSON V. LEE OPTICAL OF OKLAHOMA, 348 U.S. 483 (1955), THE COURT STATED, "(THE) DAY IS GONE WHEN THIS COURT USES THE DUE PROCESS CLAUSE TO STR IKE DOWN STATE LAWS, REGULATORY OF BUSINESS AND INDUSTRIAL CONDITIONS, BECAUSE THEY MAY BE UNWISE, IMPROVIDENT, OR OUT OF HARMONY WITH A PARTICULAR SCHOOL OF THOUGHT." WILLIAMSON FURTHER STATED THAT "IT IS ENOUGH THAT THERE IS AN EVIL AT HAND FOR CORRECTION, AND THAT IT MIGHT BE THOUGHT THAT THE PARTICULAR LEGISLATIVE MEASURE WAS A RATIONAL WAY TO CORRECT IT."
THE REMAINING PROBLEM IS WHETHER THE REGULATION RUNS AFOUL OF SOME SPECIFIC FEDERAL CONSTITUTIONAL PROHIBITION. IT SEEMS THAT AN ANALYSIS UNDER THE COMMERCE CLAUSE IS APPROPRIATE TO EXAMINE THIS ISSUE. THE SUPREME COURT HAS, UNDER THE COMMERCE CLAUSE, INVALIDATED STATE LAWS FALLING INTO THREE CATEGORIES: 1) LAWS THAT PURPOSEFULLY OR ARBITRARILY DISCRIMINATE AGAINST INTERSTATE COMMERCE IN FAVOR OF IN-STATE INTERESTS, HUGHES V. OKLAHOMA,441 U.S. 322, 336 (1979); 2) LAWS THAT IMPOSE INCIDENTAL BURDENS ON INTERSTATE AND FOREIGN COMMERCE THAT ARE CLEARLY EXCESSIVE IN COMPARISON TO PUTATIVE LOCAL BENEFITS, MINNESOTA V. CLOVER LEAF CREAMERY CO., 449 U.S. 456 (1981); AND 3) LAWS THAT UNDERMINE THE FEDERAL NEED FOR UNIFORMITY AMONG THE STATES IN PARTICULAR AREAS, SUCH AS FOREIGN TRADE AND INTERSTATE TRANSPORTATION. JAPAN LINE _LTD. V. COUNTY OF LOS ANGELES, 441 U.S. 434, 438 (1979), BIBB V. NAVAJO FREIGHT LINES, INC., 359 U.S. 520, 526-7 (1959).
I BELIEVE THAT AN ANALYSIS OF THE REGULATION IN QUESTION WOULD FALL UNDER THE SECOND CATEGORY MENTIONED ABOVE BECAUSE THE IMPACT OF THE REGULATION ON INTERSTATE COMMERCE, IF ANY, WOULD BE INCIDENTAL. THUS, THE REGULATION IS INVALID ONLY IF THE INCIDENTAL BURDEN ON INTERSTATE COMMERCE IS CLEARLY EXCESSIVE IN RELATION TO THE PUTATIVE LOCAL BENEFITS. SINCE THE PURPOSE OF THE REGULATION IS TO ENSURE THE ACCURACY AND RELIABILITY OF POLYGRAPH TESTS, I AM OF THE OPINION THAT THE REGULATION WOULD BE UPHELD AS CONSTITUTIONAL.
SECTION 8(B)(5) OF THE FEDERAL EMPLOYEE POLYGRAPH PROTECTION ACT OF 1988 BOLSTERS THIS POSITION. THAT SECTION IMPOSES A MAXIMUM OF FIVE (5) TESTS PER CALENDAR DAY FOR TESTS PERFORMED PURSUANT TO THE EXEMPTIONS IN THE ACT. THUS, I BELIEVE THAT SINCE CONGRESS HAS MADE THE DETERMINATION THAT NO MORE THAN FIVE TESTS PER DAY SHOULD BE PERFORMED PURSUANT TO THE ACT, IT SEEMS THAT IT IS NOT UNREASONABLE TO LIMIT A POLYGRAPH EXAMINER IN OKLAHOMA TO TWELVE (12) TESTS PER DAY FOR ALL TYPES OF TESTS.
(RANDY J. MALONE)